

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Parks E. McMichael
County Attorney
Cass County
Linden, Texas

Dear Sir:

Opinion No. O-1128
Re: What tax must a person pay before ex-
hibiting a calf to the public for ad-
mission?

We are in receipt of your letter of July 11,
1939, in which you request an opinion of this depart-
ment upon the following questions:

"A citizen desires to exhibit to the pub-
lic in the state of Texas a calf not connect-
ed with a circus, menagerie, show or other
exhibition of any nature, where a fee for ad-
mission is demanded and received by the owner
of said animal.

"What tax would the citizen be required
to pay before exhibiting the animal to the
public for admission?

"Would an additional tax or license be
required under the law from the citizen ex-
hibiting the animal aforesaid whenever he
went into the corporate limits of a city?"

There can be no doubt concerning the right
of the state to license, tax and regulate theatres
and other places of public amusement, and it may
confer that right on counties and municipalities.
40 TEX. JUR. 862.

Furthermore, annual license fees or occupa-
tion taxes are levied on public amusements which are

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

more or less permanent, while exhibitions of a tran-
sitory nature are taxed for each day that admission
is charged, or for each performance. ID., p. 863.

Article 7047, Vernon's Annotated Civil Stat-
utes, Section 25, provides, in part:

"(a) Menageries, Museum. - From every me-
nagerie, waxworks, sideshow, or exhibition
connected with or exhibiting or showing in
connection with a circus where a separate
fee for admission is demanded or received
Ten Dollars ($10.00) for every day in which
fees for admission are received; provided,
that any museum, menagerie or zoologi-
cal exhibition or combination thereof oper-
ated and maintained in any city or town and
open for admission all day continuously, in
which a charge for admission is demanded or
received, an annual tax of Fifty Dollars
($50.00)." (Underscoring ours)

Section 26 of the same article reads as follows:

"Waxworks, etc.- From every menagerie,
waxworks, exhibition or display of any kind
where a separate fee for admission is de-
manded or received, not connected with a
theatre or circus, Two Dollars ($2.00) for
every day on which fees for such admission
are received." (Underscoring ours).

It is our opinion that the exhibition of a
calf would properly be classified as a "zoological
exhibition". Furthermore, we are of the opinion
that the words "exhibition exhibit" in Section 26
would include a "zoological exhibition" of this type.
Consequently, the exhibition of a calf not connected
with a circus, menagerie, show or other exhibition
of any nature, where a fee for admission is demand-
ed and received by the owner of said animal might
come within the purview either of the proviso of
Section 25 of Section 26, both quoted above, the de-

termining factor being the time element involved in
the exhibition.

If the calf is on exhibition in a city or
town at a charge to the public "all day continuously"
the year round, it would constitute a zoological
exhibition of a permanent nature subject to the an-
nual tax of Fifty Dollars ($50.00) provided in Sec.
25. The fact that it is not connected with or exhibit-
ed or shown in connection with a circus is immaterial
in this instance, the subject matter of the proviso
of Sect. 25, i.e., museum, menagerie, or zoological
exhibition or combination thereof not being limited
to those which are connected with a circus, but the
proviso designates an annual tax for such types of
display - whether connected with a circus or not - as
are of a permanent nature.

On the other hand, where the zoological exhi-
bition is clearly not connected with a circus, Sec.
26 would also apply, and a Two Dollar ($2.00) a day
tax is levied therein for every day on which fees
for such admission are received. This section would
appear to cover the same subjects as the proviso in
Sec. 25, since we have not seen fit to limit the cov-
erage of the proviso to zooligical exhibitions con-
nected with a circus.

It is true that our construction would make
either the Fifty Dollar ($50.00) annual tax or the
Two Dollar ($2.00) per day tax applicable, but we dif-
ferentiate the two sections on the ground that the
proviso in Sec. 25 would cover a permanent exhibit
while an exhibition of a shorter duration of time
would fall within the coverage of Sec. 26. The ex-
hibitor or a calf would be entitled to pay the annual
tax of Fifty Dollars ($50.00) if the exhibition was
permanent or in the event that the exhibition was
temporary he would be entitled to pay the Two Dollar
($2.00) per day tax.

We do not believe that the Legislature intend-
ed that the exhibitor of an animal the year around

should be compelled to pay an occupation tax of $730.00. It is only where the exhibition is on a temporary basis that Sec. 26 of Art. 7047 applies with its Two Dollar ($2.00) per day tax. Of course, in all instances, we are assuming that fees for admission to the exhibition are charged and received.

As for a county occupation tax, Article 7048 of the Revised Civil Statutes, 1925, contains the authority for the levying of such a tax. It provides in part as follows:

"Each commissioners court shall have . . . the right to levy one-half of the occupation tax levied by the State upon all occupations not herein otherwise specially exempted; . . ."

Said section also contains the following pertinent provision:

"The governing body of any incorporated town or city shall in no case levy a greater tax on any occupation than that authorized by this chapter to be levied by the commissioners court."

From the above quoted provisions it is clear that a county occupation tax upon non-exempt occupations is legal in the event it does not exceed one-half of the amount of the State occupation tax.

We find nothing in the law to indicate that zoological exhibitions are exempt from a county occupation tax, and it is entirely possible that such taxes have been levied legally in certain counties of the state of Texas.

In respect to occupation taxes levied by municipalities, we call attention to Article 1015, Vernon's Annotated Civil Statutes. It provides:

"The governing body shall also have power;

" . . .

"33. Trade taxes. - To tax all trades, professions, occupations and callings, the

Hon. Parks E. McMichael, page 5

taxing of which is not prohibited by the Constitution of this State; which tax shall not be construed to be a tax on property.

"36.  . . .

"37.  Peddlers, theaters, etc. - To license, tax and regulate or suppress and prevent hawkers, peddlers, pawnbrokers and keepers (of theatrical) or other exhibitions, shows and amusements.

"38.  Circuses, etc. - To license, tax or regulate theaters, circuses, the exhibitions of common showmen, shows of any kind, and the exhibition of natural and artificial curiosities, caravans, menageries and musical exhibitions and performances.

"  . . ." (Underscoring ours)

There is no question as to the authority of municipalities to tax an occupation such as the exhibition of a calf. Whether or not such occupation tax has been levied depends upon the ordinances of the municipality in which the calf is or will be exhibited.

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) Dick Stout
Dick Stout
Assistant

DS:eb

APPROVED: AUGUST 26, 1939
GERALD C. MANN (Signed)
ATTORNEY GENERAL OF TEXAS

APPROVED:
Opinion Committee
By B. W. B.
Chairman